UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY JEAN HUDSON<br><br>Plaintiff<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 2:16-CV-00807-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Betty Jean Hudson ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of her application for Social Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkt. 11, 12] and briefs addressing disputed issues in the case [Dkt. 17 ("Pltf.'s Br.") & Dkt. 18 ("Def.'s Br.")]. The Court has taken the parties' briefing under submission without oral argument. For the reasons set forth below, the Court remands the decision of the ALJ and orders that judgment be entered accordingly.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On July 20, 2012, Plaintiff filed an application for SSI, alleging that she became disabled as of July 20, 2012. [Dkt. 16, Administrative Record ("AR") 87,

174-82.] The Commissioner denied her initial claim for benefits and then denied her claim upon reconsideration. [AR 27; 105-05; 107-11.] On July 1, 2014, a hearing was held before Administrative Law Judge ("ALJ") Jeffrey A. Hatfield. [AR 42-76.] On August 7, 2014, the ALJ issued a decision denying Plaintiff's request for benefits. [AR 24-41.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 416.920(b)-(g)(1). At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since July 20, 2012, the alleged onset date. [AR 29.] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: depression, anxiety, obesity, and hypertension. [*Id.* (citing 20 C.F.R. § 416.920(c)).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [*Id.* (citing 20 C.F.R. §§ 416.920(d), 416.925, 416.926)]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):

> [F]ull range of light work as defined in 20 CFR 416.967(b) and is able to lift or carry 10 pounds frequently and 20 pounds occasionally, sit 6 hours and stand and walk about 6 hours in an 8-hour workday. She needs to avoid ladders, ropes or scaffolds and concentrated exposure to hazardous machinery and unprotected heights. The claimant is limited to performing simple routine repetitive tasks with occasional interaction with the public, coworkers and supervisors.

[AR 32.] Applying this RFC, the ALJ found that Plaintiff was unable to perform her past relevant work, but determined that based on her age (47 years old) and twelfth grade education, she could perform representative occupations such as inspector (DOT 529.687-114) and packager (DOT 559.687-074) and, thus, is not disabled. [AR 35-36.] Plaintiff sought review from the Appeals Council, which denied review. [AR 3-9.]

2

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). In addition, [a] decision of the ALJ will not be reversed for errors that are harmless." *Burch*, 400 F.3d at 679.

### IV. DISCUSSION

Plaintiff's sole claim is that the ALJ improperly found Plaintiff's testimony not fully credible. [Pltf.'s Reply Br. at 4-12.] Plaintiff reported that she suffers from anxiety, depression, obesity, and hypertension. At the administrative hearing, Plaintiff testified that she is under the care of a psychiatrist, who she last saw two months prior. [AR 33, 54.] She stated that she takes Prozac and hydroxyzine and the side effects are sleepiness and lack of energy. [AR 33, 54-56.] Plaintiff reported that she fell down three times in the last six months and stated that she only leaves the house about once a month for medical appointments. [AR 33, 56-57, 63-64.] Plaintiff finds it stressful to leave her house because she believes "something bad might happen." [AR at 64.] Her anxiety was began when she was fired from Goodwill and became worse after her mother passed away. [*Id.*] She states that she

1  cannot work a simple sedentary job with no public contact because the anxiety
2  associated with working would cause back spasms, chest tightness, nervousness, and
3  feeling faint.  [AR 65-66.]
4       The ALJ found Plaintiff's subjective symptom testimony not fully credible.
5  [AR 34.]  The ALJ noted that although Plaintiff's medically determinable
6  impairments could reasonably be expected to cause the alleged symptoms,
7  Plaintiff's allegations concerning the intensity, persistence, and limiting effects of
8  her symptoms were not credible to the extent alleged.  [*Id.*]  As there was no
9  affirmative evidence of malingering in this case, the ALJ was obligated to provide
10  "specific, clear and convincing reasons" for rejecting Plaintiff's subjective symptom
11  testimony.  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *see also Reddick*
12  *v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Unless there is affirmative evidence
13  showing that the claimant is malingering, the Commissioner's reasons for rejecting
14  the claimant's testimony must be 'clear and convincing.'" (internal quotations
15  omitted.)  In addition to the "ordinary techniques of credibility evaluation," *Bunnell*
16  *v. Sullivan* 947 F.2d 341, 346 (9th Cir. 1991), the following factors may be
17  considered in assessing credibility:  (1) the claimant's reputation for truthfulness; (2)
18  inconsistencies in the claimant's testimony or between her testimony and her
19  conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5)
20  testimony from physicians or third parties concerning the nature, severity, and effect
21  of claimant's condition.  *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).
22       The ALJ offered only one clear reason for discounting Plaintiff's testimony:
23  the medical evidence does not support Plaintiff's allegations of the severity of her
24  impairments.  [AR 34-35.]  However, the lack of corroborating medical evidence,
25  standing alone, was not a sufficient reason to discount Plaintiff's credibility because,
26  as the ALJ found, the record contained objective medical evidence of underlying
27  impairments that could reasonably be expected to produce Plaintiff's alleged
28  disabling symptoms.  [*Id.*]; *see also Reddick*, 157 F.3d at 722 ("Once the claimant

produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.") (internal citation omitted); *Smolen*, 80 F.3d at 1281-82 & n. 2.

The Commissioner provided a thorough summary of the ALJ's findings regarding the inconsistencies between Plaintiff's subjective testimony and the medical record, including: (1) the limited medical evidence as to Plaintiff's falls; (2) various treatment notes that do not support Plaintiff's alleged symptoms; and (3) the lack of medical evidence as a whole to support Plaintiff's testimony about her symptoms. [Def.'s Br. 4-7.] Furthermore, Plaintiff does not challenge the ALJ's determination of weight afforded to the findings and opinions of the various physicians. However, as the Commissioner correctly concedes, that lack of corroborating medical evidence *cannot* be the sole reason for discounting Plaintiff's testimony about the severity of her impairments. [Def.'s Br. 7.]

Accordingly, the Court finds that the ALJ failed to provide specific, clear and convincing reasons for discounting Plaintiff's subjective symptom complaints regarding the severity of her impairments. On remand, the ALJ should revisit his adverse credibility determination of the claimant. The Court notes that at the hearing the ALJ discussed Plaintiff's daily activities and left the record open for two weeks so that Plaintiff could provide documentation she claimed to have in her possession regarding her multiple falls and emergency rooms visits. However, it appears that no additional records were provided during this period. [AR 56-58; 63-69; 75-76; Def.'s Br. at 4-5.] The ALJ may determine that these factors or others bear on Plaintiffs' credibility.

## CONCLUSION

The decision of whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be

served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

Here, the Court finds that remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors. *See INS v. Ventura*, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved"); *Harman*, 211 F.3d at 1180-81. The Court has found that the ALJ erred in his adverse credibility assessment. Thus, remand is appropriate to allow the Commissioner to continue the sequential evaluation process starting at step four.

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS HEREBY ORDERED.**

DATED: August 31, 2016

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE